### EVANDER LIGHT v. D. W. POWERS, *et al.*

1. PLEADING; *Contract to accept Draft.* A petition which states a contract to accept drafts, and a breach of such contract, states a cause of action, and a demurrer to it should be overruled.

2. ———— Such a contract is valid though not in writing.

*Error from Saline District Court.*

ACTION brought by *Light* against *Powers* and two others, as partners. Defendants demurred to the petition, and the district court, at the May Term 1873, sustained the demurrer. From such order, and judgment thereon, *Light* appeals, and brings the case here on error. The only question is one of pleading, and the facts are stated in the opinion.

*Mohler & Garver*, for plaintiff in error:

1. The petition in this case is perhaps capable of two different constructions, one, that the first cause of action is

founded upon the promise of defendants to pay the costs and expenses necessary in filling certain government contracts, to pay them by accepting and paying drafts that might be drawn upon them for that purpose. The other construction is, that the promise of defendants was simply to accept and pay drafts, checks, etc., that might be drawn on them. The petition alleges a breach by defendants of their agreement (whichsoever it is,) and the consequent damages to plaintiff. Without any particular violence to the grammatical or legal construction of the petition, we think either meaning can be drawn from it, and in such cases the rule is, that where a pleading is capable of different meanings, that should be taken which will support the pleading and not the other which would defeat it. (1 Chitty Pl., 237.) If the first meaning is drawn from the petition, there is no doubt that it states facts sufficient to show a good cause of action; and that, with the second meaning, there is a good cause of action stated, we think equally clear. The statute provides, (§ 8, ch. 14, Gen. Stat.,) that "no person within this state shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent;" yet it is not necessary for the petition to allege that *the promise to accept* was in writing; that is matter of evidence only; (1 Chitty Pl., 303, 304, 221; 4 Johns., 237; 13 Johns., 177.) Even though the petition had alleged that the promise was not in writing, still it would state facts sufficient to sustain an action for damages under § 12 of the chapter before referred to.

2. The facts stated in the second cause of action are amply sufficient to sustain an action against the defendants. There is alleged a simple contract by which the plaintiff agrees to do certain things, and the defendants promise to pay certain moneys in consideration of it. The plaintiff performs his part of the contract, and the defendants refuse to perform theirs, by which plaintiff is damaged. The demurrer is to the petition as a whole; to both causes of action considered together. If either is good, the demurrer should have been

7—13 KAS.

overruled. 1 Chitty Pl., 664; 13 Johns., 264, 396, 402; 13 Wend., 169.

The opinion of the court was delivered by

BREWER, J.: The error alleged in this case is the sustaining of a demurrer to the petition. The petition contains two counts. The demurrer is general to the whole petition, so that if either count be good, it ought to have been overruled. The first count is for damages for failing to accept and pay certain drafts drawn by plaintiff upon defendants. It alleges that defendants "for a good and valuable consideration promised plaintiff to accept and pay all drafts drawn by him on them on account of certain government contracts in which they were interested, and the costs and expenses of which they had promised to pay by accepting and paying plaintiff's drafts as above;" that he drew certain drafts, describing them, on account of and for said costs and expenses; that the same were not accepted or paid by said defendants, and he was compelled to pay the several payees thereof the amounts of the drafts with costs of protest and damages, of all of which defendants had notice, and though often requested had failed to repay plaintiff. This it will be perceived is not an action on the drafts, nor an attempt to charge the defendants as acceptors by virtue of a previous promise to accept. It seeks to make them responsible for damages for breach of a contract to accept. The distinction between the two is obvious, and is well pointed out in the case of *Boyce v. Edwards*, 4 Peters, 111. See also *Carnegie v. Morrison*, 2 Met., (Mass.) 381. For breach of such a contract a party would be entitled to at least nominal damages, and more if more were alleged and proved. It follows therefore that a petition stating such a contract, and the breach of it, states a cause of action; and a demurrer to it should be overruled. There is nothing in the statute nor in the law-merchant that requires such a contract to be in writing. Our statute by implication plainly recognizes such a cause of action. (Gen. Stat., 116, § 12.)

The judgment of the district court will be reversed, and

the case remanded for further proceedings in conformity with the views herein expressed.

All the Justices concurring.